IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2018 Session

**AUDRA SNAPP OLINGER v. TRAVIS JACKSON OLINGER**

**Appeal from the Circuit Court for Bradley County**
**No. V-16-176      J. Michael Sharp, Judge**

_____

**No. E2017-02133-COA-R3-CV**

_____

D. MICHAEL SWINEY, C.J., concurring and dissenting.

I concur with the majority in its affirmance of that portion of the Trial Court's award to Wife which can be classified distinctly as discretionary costs pursuant to Tenn. R. Civ. P. 54.04.[1] Wife was granted a divorce based upon Husband's stipulated adultery and inappropriate marital conduct. To that extent, Wife prevailed, and I agree with the majority that the Trial Court did not abuse its discretion in granting her an award of discretionary costs in the amount of $2,270.

However, I respectfully dissent from the majority's affirmance of the vast remainder of the Trial Court's $53,124.86 award to Wife of attorney's fees as alimony in solido. As found by the Trial Court, these parties are economic equals and will be so post divorce. The majority opinion, in bypassing entirely the relative economic status of the parties and going straight into a consideration of fault, represents a groundbreaking departure from years of well-established precedent in Tennessee divorce law. I would reverse the Trial Court's award of attorney's fees because Wife, as found by the Trial Court and not disputed by the majority, is not an economically disadvantaged spouse. Tennessee law does not permit us to skip that initial part of the analysis simply to punish a wayward spouse with a large attorney's fee bill for causing the divorce.

The landmark divorce case of *Gonsewski v. Gonsewski*, 350 S.W.3d 99 (Tenn. 2011) discusses in detail the various categories of alimony, including alimony in solido. As stated by our Supreme Court, "[i]t is well-settled that an award of attorney's fees in a divorce case constitutes alimony in solido." *Id*. at 113. *Gonsewski* recognizes an award of attorney's fees in a divorce case as a species of alimony right alongside the others.

---

[1] The majority notes that the Trial Court and parties included these discretionary costs in the overall award of attorney's fees. However, Husband raises a separate issue on separate legal grounds regarding these costs.

"As with any alimony award, in deciding whether to award attorney's fees as alimony in solido, the trial court should consider the factors enumerated in Tennessee Code Annotated section 36-5-121(i)." *Id*. In addition, our Supreme Court made it abundantly clear that the economic status of both spouses is of foremost relevance in considering an award of attorney's fees. "[W]here the spouse seeking such an award has demonstrated that he or she is financially unable to procure counsel, and where the other spouse has the ability to pay, the court may properly grant an award of attorney's fees as alimony." *Id*. As with any award of alimony, "the two [factors] that are considered the most important are the *disadvantaged spouse's* need and the obligor spouse's ability to pay." *Id*. at 110 (quoting *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007)) (emphasis added).

In *Gonsewski*, our Supreme Court concluded that the trial court acted within its discretion in denying either party attorney's fees. In so doing, our Supreme Court discussed as follows:

> Under the facts of this case, we have determined that the award of attorney's fees as alimony in solido was unwarranted. At the time of the divorce, Wife had been steadily employed for more than 16 years with the same employer, was earning an annual salary of at least $72,000, and was working in the field of information technology. Moreover, she had a college education, received more of the marital estate than Husband and, as far as this record shows, is physically and mentally healthy. The record contains nothing to suggest that Wife was unable to secure counsel, either at trial or on appeal, but for an award of attorney's fees.

> Furthermore, the procedural history of this case militates against an award of attorney's fees and expenses. Once the divorce proceeding was underway, both parties filed papers with the trial court accusing the other of harassing behavior. . . .

*Gonsewski*, 350 S.W.3d at 113.

As shown above, our Supreme Court's first inquiry was into the parties' relative economic status. Several alimony cases by the Tennessee Court of Appeals demonstrate this approach as well.

In *Whitley v. Whitley*, No. E2008-00977-COA-R3-CV, 2009 WL 2242682 (Tenn. Ct. App. July 28, 2009), *no appl. perm. appeal filed*, this Court concluded that a trial court abused its discretion by failing to grant an award of attorney's fees to wife. We stated, in part:

We address two of Wife's four issues in this section-the award of fees and expenses to Husband and the court's decision to deny such an award to Wife. We first address the award to Husband of fees and expenses in the sum of $16,759. The evidence preponderates against this award. The proof clearly shows that Wife does not have the funds to pay Husband's fees and expenses. *Hunter v. Hunter*, M2002-02560-COA-R3-CV, 2005 WL 1469465 at *11 (Tenn. Ct. App. M.S., filed June 21, 2005). The trial court abused its discretion in awarding fees and expenses against Wife.

The court also abused its discretion in refusing to award fees to Wife. It is clear that she is economically disadvantaged *vis a vis* Husband. During the marriage and up to the time of the divorce, Husband earned significantly more than Wife. Wife's award of separate and marital property pales in comparison to that of Husband. She has a demonstrated need for this species of alimony *in solido* and Husband has the ability to pay.

*Whitley*, 2009 WL 2242682, at *5 (footnotes omitted).

In *Hernandez v. Hernandez*, No. E2012-02056-COA-R3-CV, 2013 WL 5436752 (Tenn. Ct. App. Sept. 27, 2013), *no appl. perm. appeal filed*, this Court again articulated the centrality of relative economic advantage when considering an award of attorney's fees. We stated, as relevant:

The evidence does not preponderate against the trial court's finding that wife is unable to pay her attorney's fees without depleting her already meager resources. We consequently affirm the judgment of the trial court awarding wife $4,000 as alimony in solido to pay part of her attorney's fees. Given husband's earning capacity and his receipt of a share of the net proceeds from the sale of the parties' home, and wife's relative disadvantaged economic situation, we find this award appropriate.

*Hernandez*, 2013 WL 5436752, at *8.[2]

In the more recent *Sibley* case, we stated flat out that "Wife's award of attorney's fees constitute an award of alimony *in solido*, and this Court has held that 'a trial court

---

[2] My respected colleague, the author of the majority opinion in the present case, authored *Whitley* and *Hernandez* as well. Needless to say, I believe he was nearer the mark in his analysis in those earlier cases. In those cases, a party's economic disadvantage was the initial and paramount focus of the court's reasoning.

considering a request for attorney's fees must consider the factors contained in Tennessee Code Annotated § 36-5-121(i), with the most important factors being the need of the economically disadvantaged spouse and the ability of the obligor spouse to pay.' " *Sibley v. Sibley*, No. M2015-01795-COA-R3-CV, 2017 WL 2297652, at *5 (Tenn. Ct. App. May 25, 2017), *no appl. perm. appeal filed* (quoting *Watson v. Watson*, 309 S.W.3d 483, 501 (Tenn. Ct. App. 2009)).

While these cases have their unique facts and circumstances, the governing principle is precisely the same. Time and time again, courts have emphasized the necessity of weighing the relative economic status of the parties in a divorce before making an award of alimony, including an award of attorney's fees as alimony in solido. I am aware of no legislative or judicial development in the interim that has changed that settled law. The majority's position that an economically equal or, for that matter, even advantaged spouse may be awarded attorney's fees as alimony in solido if the other spouse's behavior was sufficiently objectionable flouts longstanding precedent and the applicable statutes.

Our legislature has spoken quite clearly on this. "(3) Where there is relative economic disadvantage and rehabilitation is not feasible, in consideration of all relevant factors, including those set out in subsection (i) [these factors include fault, need, and ability to pay relied upon by the majority], the court may grant an order for payment of support and maintenance on a long-term basis or until death or remarriage of the recipient, except as otherwise provided in subdivision (f)(2)(B). . . (5) Alimony in solido may be awarded in lieu of or in addition to any other alimony award, in order to provide support, including attorney fees, where appropriate." Tenn. Code Ann. § 36-5-121(d)(3) and (5) (2017). Under the controlling statutes and the case law, including *Gonsewski,* interpreting those statutes, the initial question is whether one spouse is economically disadvantaged, and only if the answer is yes do you need next consider those statutory factors relied upon by the majority.

I turn now to the present case, where Wife is not an economically disadvantaged spouse. Certainly, the Trial Court made no such determination that she is. On the contrary, the Trial Court found: "[B]oth of these parties will leave the marriage with essentially equal assets, both tangible and intangible. The court finds that given their incomes, both parties will have a similar ability to maintain the same standard of living, one with the other." The majority takes no issue with this finding by the Trial Court, and neither do I. Given this finding by the Trial Court, Husband is no more capable than Wife of paying nearly $50,000 in attorney's fees, and this is especially so given that he is responsible for his own attorney's fees. A punitive approach to alimony is not in keeping with Tennessee law on spousal support, which starts with the question of whether either spouse is an economically disadvantaged spouse. If and only if Wife is economically

disadvantaged does Wife's need and Husband's ability to pay become the most significant factors. As found by the Trial Court, these parties are substantially equal in their post-divorce economic circumstances. Based upon the record on appeal, there is insufficient evidence for a finding that, but for an award of alimony, Wife will be at an economic disadvantage relative to Husband moving forward. The Trial Court found the contrary, the evidence supports this finding, and the majority does not find the Trial Court erred in making this finding.

Another recurring point of emphasis by the Trial Court and the majority in this case is Wife's parents' record of gifting large sums of money to the marriage. The Trial Court concluded that Husband should shoulder the burden for Wife's attorney's fees rather than Wife's parents. I, again, disagree with the Trial Court. Husband cannot be penalized nor Wife rewarded for the generosity of Wife's parents. These, after all, were gifts, not loans, as found specifically by the Trial Court.

Throughout this case, Wife has argued that Husband was shiftless and could not hold a job for long. The majority seems to regard this, if true, as a factor in favor of awarding Wife her attorney's fees. It, however, cannot cut both ways. If Wife is the consistent worker and Husband somehow cannot hold his own job-wise, that would be an additional consideration against an award of attorney's fees to Wife because Husband might well be the economically disadvantaged spouse given his history of a lack of economic success. The majority would have Husband on the hook for approximately ten years of payments on Wife's attorney's fees, when he is, at most, no better able to pay them than Wife.

While alimony determinations fall within the sound discretion of a trial court, a trial court's discretion is bounded by applicable law and the facts of the case. That is why we have a term like "abuse of discretion," and the majority correctly sets forth our standard of review as to abuse of discretion. A trial court, however, may improperly exercise its discretion at times. Our role in reviewing discretionary decisions is highly deferential but not absolutely so. In 1987, during the Iran-Contra hearings, Lieutenant Colonel Oliver North's lawyer Brendan V. Sullivan, Jr. declared he was not there to be a mere "potted plant." Likewise, that a decision falls within the ambit of a trial court's discretion does not render us mere potted plants when it comes to our responsibility to review that decision.

Here, the Trial Court found that Husband and Wife are economic equals post divorce, but then proceeded to ignore its finding and instead render an essentially punitive award of attorney's fees against Husband for his loutish behavior during the marriage and for the parties' habit of relying upon Wife's parents for aid. In short, the Trial Court awarded alimony to a non-economically disadvantaged spouse. In so doing,

the Trial Court committed reversible error by not applying long-settled law in Tennessee by awarding alimony to a spouse who is not economically disadvantaged.

I believe the Trial Court's finding that neither party is economically disadvantaged relative to the other post divorce ends this analysis and requires a reversal of the Trial Court's award to Wife of alimony in solido for attorney's fees. However, if I am incorrect on that, I think it is equally as clear that Wife's needs and Husband's ability to pay do not justify an award of alimony in solido in this case under the facts as found by the Trial Court and accepted by the majority. First, Wife has no need as Wife apparently does not owe the attorney's fees as her parents paid them. Simply put, no debt no need. As to Husband's ability to pay, it is puzzling to me how the majority can find, despite the Trial Court's finding that the Wife was not economically disadvantaged relative to Husband post divorce, that "wife did not have the resources to pay her attorney's fees. . ." and yet find "that husband had the resources to pay the modest amount of $370 per month." How can it be that these parties' being in the same post-divorce economic status results in Wife's being unable to pay her attorney's fees, if she actually owed such a debt, while at the same time Husband can easily pay it? This is a logically inconsistent determination by both the majority and the Trial Court.

The majority's decision gives free rein to trial courts to ignore both the statutes and case law requiring a finding that a spouse is economically disadvantaged relative to the other spouse before awarding alimony, including alimony in solido. Under the majority's opinion, the only thing a trial court will need to do to award alimony to a non-economically disadvantaged spouse or even an economically advantaged spouse is find that "all the equities in [that case] favor [the non-economically disadvantaged spouse]." Applying the majority's opinion as to alimony, a trial court no longer will be bound by alimony statutes and case law on those statutes but instead can just look at the "equities" to make its decision.

In conclusion, while I concur with the majority's affirmance of the Trial Court's award to Wife of discretionary costs, I respectfully dissent from the majority's affirmance of the award to Wife of attorney's fees as well as its additional award of attorney's fees incurred by Wife on appeal. Wife is not economically disadvantaged relative to Husband and awarding her attorney's fees flouts settled Tennessee law on alimony.

_____
D. MICHAEL SWINEY, CHIEF JUDGE